IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.:**

    REX PENLAND,

        Plaintiff,

v.

    DAVID DICK,

        Defendant.

---

**COMPLAINT AND JURY TRIAL DEMAND**

---

    COMES NOW the Plaintiff, Rex Penland, by and through his undersigned counsel, and respectfully submits this Complaint against the Defendant, David Dick, and states as follows:

**PARTIES**

    1.    Plaintiff, Rex Penland, is a natural person and citizen of the State of Florida, who resides at 210 South Lake Avenue, Lot 2, Taveres, Florida 32778

    2.    Defendant, Dave Dick, is a natural person who upon information and belief is a citizen of the State of Colorado and who resides at 730 Highway 65, Mesa, Colorado 81643.

**JURISDICTION AND VENUE**

    3.    This Court has jurisdiction over this claim for personal injuries which arise out of the dangerous condition of Defendant's premises, located in Mesa County, Colorado, because the parties are citizens of different states and because the amount in controversy exceeds $75,000.00.

Jurisdiction is therefore proper pursuant to 28 U.S.C. §1332.

4. Venue is proper in this Court because the Defendant regularly resides in Colorado; the subject premises is located in Colorado; and Plaintiff was injured in Colorado.

## STATEMENT OF THE FACTS

5. At all pertinent times, Defendant owned and/or maintained a residence which is located at or near 730 Highway 65, in Mesa, Colorado 81643, in Mesa County, Colorado ("the subject premises").

6. At all pertinent times, Plaintiff was a licensee and/or invitee and was lawfully on the subject premises.

7. At all pertinent times the subject premises was under the care, custody and control of Defendant.

8. Access to the cellar of the subject premises was through a trap door located at floor level. At all pertinent times, the subject premises was in an unreasonably dangerous condition because Defendant had failed to keep the cellar door closed, and/or because Defendant failed to give Plaintiff adequate warning of this condition.

9. On or about September 30, 2006, at approximately 7:00 p.m, Plaintiff fell into the open cellar door of the subject premises, as described above.

10. As a result, Plaintiff suffered injuries, damages and harm as alleged herein, including an injury to both legs, back, ribs and both shoulders.

## FIRST CLAIM FOR RELIEF - PREMISES LIABILITY

11. Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

12. At all pertinent times, the Defendant was the "landowner" of the subject premises within the meaning of the Colorado Premises Liability Act, C.R.S. §13-21-115.

13. At all pertinent times, Plaintiff was an "invitee" and/or "licensee" as to the Defendant and the subject premises within the meaning of the Colorado Premises Liability Act, C.R.S. §13-21-115.

14. Defendant failed to engage in reasonable efforts to make the subject premises safe and consequently created and perpetuated an unreasonable risk of injury to persons lawfully on the premises such as Plaintiff.

15. Defendant failed to use reasonable care in the inspection, management and/or maintenance of the subject premises (as set forth herein), and in the operation of the activities on the premises, and failed to correct and/or give adequate warning of the dangerous condition.

16. The Defendant's wrongful conduct was a cause of Plaintiff's injuries and damages as set forth herein.

**DAMAGES**

17. The Defendant's above-alleged wrongful conduct caused the injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to medical and related expenses (past medical expenses exceed $39,204.97; future medical expenses are estimated at $34,500.00); past and future non-economic damages,

including but not limited to bodily injury of a serious and permanent nature; pain and suffering; permanent physical disability; inconvenience; emotional stress; anxiety; loss of enjoyment of life; impairment of the quality of life; and any and all other consequential losses arising from Defendant's wrongful conduct as provided by law.

## LEAVE TO AMEND

18. Plaintiff respectfully requests leave to amend his Complaint to add or delete any claims or parties after discovery reveals the facts regarding same. This includes, but is not limited to, specifically identifying any other individuals or entities that participated in the wrongful conduct and/or were responsible for the condition of the subject premises. Plaintiff also reserves the right to include a claim for exemplary damages if facts supporting same are uncovered through discovery or otherwise.

WHEREFORE, Plaintiff respectfully requests damages against the Defendant as follows:

A. Compensatory damages as proven.

B. Costs of suit according to law, including but not limited to expert witness fees.

C. Attorney fees according to law for attorney time expended as a result of any frivolous position which may be taken by Defendant, or on its behalf, during the course of this litigation, including but not limited to groundlessly denying negligence, or asserting any substantially groundless

    affirmative defense.

D. Interest pursuant to C.R.S. §13-21-101 and/or other provisions of law.

E. Such other and further relief as the Court deems fit.

## JURY DEMAND

Plaintiff respectfully demands **TRIAL BY A JURY OF SIX (6)** in the above cause, on all issues so triable.

Respectfully submitted this 25th day of September, 2008.

    SILVERN LAW OFFICES, P.C.


    s/ Jennifer A. Hicks
    Jennifer A. Hicks
    Thomas A. Bulger
    Silvern Law Offices, P.C.
    1801 Broadway, Suite 930
    Denver, Colorado 80202
    (303) 292-0044

Plaintiff's Address:
210 South Lake Avenue, Lot 2
Taveres, Florida 32778